# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## VASKO v. UNITED STATES
## NO. 2014-5014

## APPELLANT'S AMENDMENT TO NOTICE OF APPEAL and UNOPPOSED MOTION FOR EXTENSION OF TIME

In the United States Court of Federal Claims, in a timely fashion within 28 days, Appellant filed her Motion for Reconsideration, tolling the time to file the Notice of Appeal from the August 19, 2012 Order. The Government had shut down. Appellant's Motion for Reconsideration was not being addressed. In an over abundance of caution Appellant sent in her Notice of Appeal to the United States Court of Federal Claims which was filed October 22, 2012 at about 1:50pm. At about 5:15 the same day the Court filed its Order denying Appellant's Motion for Reconsideration.

> Rule 4. Appeal as of Right—When Taken: a 4 (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Thus the filing by the Court of the Order denying the Motion for Reconsideration quickened Appellant's Notice of Appeal. Appellant's intent at all time is to appeal all aspects of her claim USCFC 1:12-cv-00370-MBH, the August 19th and the October 22nd ruling. Appellant amends her Notice of Appeal to include the October 22, 2012, Order denying her Motion for Reconsideration, herein as Exhibit "A". As Appellant had 60 days from the filing of the last pleading, here the October 22nd Order on the Motion for Reconsideration, to file her Notice of Appeal, in this situation Appellant denied herself up to 74 days to research which is so necessary for a pro se litigant.

Carol Ann Vasko
1019 Franklin Road SE #24K
Marietta, Georgia 30067
770.948.9333
vaskov1248@gmail.com

In addition to the novice of a pro se, the delay in amending the Notice of Appeal is greatly due to Appellant's dire physical health. The lack of quality and legal specification on Appellant's part so far in this appeal is evident. As illness is excusable neglect, and as the amendment somewhat changes the posture of the case, Appellant moves that she be allowed to refile her preliminary brief, and that she be allowed time to address the issue of providing any transcript.[1] Appellant has discussed with opposing counsel a 30 day time extension to file her formal brief from the date that the formal brief is expected to be submitted. Opposing counsel agrees to this extension.

WHEREFORE, Appellant prays that the Court accept her amendment to the Notice of Appeal; that she be granted extra time to file her formal brief, and that she be allowed extra time to provide documentation and refile her preliminary brief.

December 16, 2013

Carol Ann Vasko

[1]Appellant has had numerous health issues for months now. There seems to be a recurring infection that contributes to the problems. In the last few weeks Appellant was so weak at one time she was unable to even raise her arm. She visited two physicians and received multiple scripts for antibiotics.

Carol Ann Vasko
1019 Franklin Road SE #24K
Marietta, Georgia 30067
770.948.9333
vaskov1248@gmail.com

# In the United States Court of Federal Claims

No. 12-370C
Filed: October 22, 2013

| | | |
|---|---|---|
| CAROL ANN VASKO, Plaintiff, v. UNITED STATES, Defendant. | | Pro Se Plaintiff; RCFC 60; Motion for Reconsideration of Judgment. |

**Carol Ann Vasko**, Austell, GA, pro se.

**Loren M. Preheim**, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C. for the defendant. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

HORN, J.

Pro se plaintiff, Carol Ann Vasko, filed suit in the United States Court of Federal Claims on June 11, 2012, alleging in her complaint breach of contract and tort claims related to her eviction from 1721 Nathan Lane, Austell, Georgia by the United States Department of Veterans Affairs (VA). Plaintiff in her complaint and in later filings claimed damages for "the value of the real estate at 1721 Nathan Lane, Austell, Georgia and the cost of replacement or repair" of plaintiff's and her family's personal property. The full findings of facts from the prior opinion are not repeated here, but are incorporated into this decision. Plaintiff's complaint was accompanied by an Application to Proceed In Forma Pauperis, which the court granted.

In response to plaintiff's original complaint, defendant filed a motion to dismiss for failure to state a claim or, in the alternative, for summary judgment. In response, plaintiff filed an amended complaint in which she added the allegations of a taking under the Fifth Amendment to the United States Constitution, as well as a deprivation of plaintiff's various constitutional rights, including due process, equal protection, and a request to be free from unreasonable search and seizure. Although the pro se plaintiff subsequently filed a motion to withdraw and strike her amended complaint, which the court granted, both parties refer to the amended complaint in their subsequent filings.

"1A"

Defendant referred to the amended complaint in its response to plaintiff's supplemental pleading. In response to plaintiff's amended complaint, defendant, again, filed a motion to dismiss, or in the alternative, for summary judgment, to which plaintiff responded. Plaintiff also filed a motion for leave to file a supplemental pleading and attached her First Supplemental Pleading, in which she "incorporate[d] herein by reference" portions of her amended complaint and attached exhibits. The sequence of filed and withdrawn pleadings has clouded the procedural history of the case, but recognizing plaintiff's pro se status, the court reviewed and considered all of plaintiff's submissions carefully and afforded plaintiff liberal construction of the pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21, reh'g denied, 405 U.S. 948 (1972).

After reviewing all the numerous filings, the court dismissed Ms. Vasko's case, with prejudice, on August 19, 2013. The court dismissed her breach of contract and takings claims for failure to state a claim upon which relief can be granted, and her constitutional and tort claims for lack of subject matter jurisdiction. See Vasko v. United States, 112 Fed. Cl. 204 (2013). Now under consideration is plaintiff's September 3, 2013 motion to (1) "reassess its dismissal" of her takings and breach of contract claims, and to (2) "grant an order allowing the case to move forward." Plaintiff also contends that the court failed to consider one of her earlier unfiled submissions to the court.

Under Rule 60(b) of the Rules of the United States Court of Federal Claims (RCFC) (2013), a court may, "[o]n motion and just terms," relieve a party from a final judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

RCFC 60(b).

Reconsideration of a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.), reh'g denied (Fed. Cir. 1990). In a motion for relief from final judgment, "'[t]he movant . . . must do more than merely reassert[ ] arguments which were previously made and carefully considered by the court.'" Osage Tribe of Indians of Okla. v. United States, 97 Fed. Cl. 345, 348 (2011) (quoting Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003)) (alterations in original) (discussing the standards applicable to both RCFC 59(a) (2013) and RCFC



VASKO 2014-5014 "A"

60(b)). "'[T]he moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice.'" Id. (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)) (alteration in original). A motion for relief from judgment is not an opportunity to relitigate one's case or present evidence that the movant could have brought earlier. See Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1383 (Fed. Cir. 2002) ("We see no reason why [movant] should be entitled to a second opportunity to present its case. Just as Rule 60(b)(6) is unavailable to reopen a judgment on grounds of newly discovered evidence (that existed at the time of trial), it is unavailable to reopen a judgment on the grounds that new evidence has come into being after the trial has been concluded.").

"Under Rule 60(b)(1), relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time." Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994)). Moreover, "[u]nder RCFC 60(b)(6), a court may vacate a party from a final judgment whenever appropriate to accomplish justice." AmBase Corp. v. United States, 112 Fed. Cl. 179, 183 (2013). However, "[t]he court will typically grant relief pursuant to RCFC 60(b)(6) only on a showing of 'exceptional or extraordinary circumstances.'" McCollum v. Sec'y of Health & Human Servs., 91 Fed. Cl. 86, 90 (2010) (quoting Louisville Bedding Co. v. Pillowtex Corp., 455 F.3d 1377, 1380 (Fed. Cir. 2006)); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d at 1382 ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b).").

"A ruling upon a 60(b)(6) motion is within the sound discretion of the court, and is reviewed only for abuse of that discretion." McCollum v. Sec'y of Health & Human Servs., 91 Fed. Cl. at 90 (citing Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987), aff'd, 862 F.2d 275 (Fed. Cir. 1988)), cert. denied, 490 U.S. 1075 (1989). "[T]he Federal Circuit has noted that, as 'a remedial provision, Rule 60(b) is to be liberally construed for the purpose of doing substantial justice.'" Vessels v. Sec'y of Dep't of Health & Human Servs., 65 Fed. Cl. 563, 568 (2005) (quoting Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d at 1030); see also Curtis v. United States, 61 Fed. Cl. 511, 512 (2004) ("The court has discretion regarding whether to grant relief under Rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" (quoting Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241–42 (2000))).

In her Motion for Reconsideration, plaintiff attempts to relitigate her takings and breach of contract claims, putting forward facts and arguments she previously presented to the court, and, which were already addressed in the court's August 19, 2013 opinion. In her Motion for Reconsideration, plaintiff argues that the court failed to consider one of her filings, plaintiff's Response to Defendant's Response to Plaintiff's Motion to Strike, filed on September 3, 2013 (hereinafter plaintiff's September 3, 2013 Filing), in which plaintiff attempts to address her takings claim based on an argument of adverse possession. This filing was submitted by plaintiff after briefing was complete and without proper proof of service on the defendant, as required by the court's rules.



VASKO 2014-5014 "A"

See RCFC 5(a)(1), 5.3(b) (2013). Nonetheless, as a courtesy to the pro se plaintiff, the court instructed the Clerk's Office to file the September 3, 2013 Filing, with the court's leave, and the court reviewed plaintiff's filing and the arguments contained therein.

Plaintiff, in her multiple filings, asserts that she adversely possessed the Nathan Lane property, and, therefore, her eviction from the property by the VA constituted a taking. As noted in the court's August 19, 2013 opinion, Georgia law, however, prevents prescription from running on property where there is constructive notice of a prior mortgage. "Prescription shall not run against the owner or holder of a mortgage, a deed to secure debt, a bill of sale to secure debt . . . in favor of a person who has actual or constructive notice of such instrument." Ga. Code Ann. § 44-5-176 (2012). In the August 19, 2013 opinion, the court concluded that the deed filed in 1992 between Howard S. and Helen A. McKinney and American National Financial, Inc., met the requirements under Georgia law to provide notice against adverse possession. See Vasko v. United States, 112 Fed. Cl. at 208, 220. Any possible defect in the 1992 deed "was corrected on February 10, 1993, when the security deed was re-recorded to add the signature of the closing attorney to the closing attorney's affidavit." Id. at 221 (internal citation omitted). Therefore, the court held in the August 19, 2013 opinion that "[w]hen plaintiff allegedly purchased the Nathan Lane property from Mr. Brown, she at least had constructive, if not actual, notice of the McKinneys' ownership interest." Id.

Between plaintiff's September 3, 2013 Filing and her Motion for Reconsideration, plaintiff appears to offer three arguments to try to have the court reconsider its decision that plaintiff's case should be dismissed. In none of these arguments, however, does the pro se plaintiff, Ms. Vasko, offer new facts or arguments. First, plaintiff, in her September 3, 2013 Filing, contends that she "did not have constructive notice of the security deed held by Bank of Oklahoma as it is defective and was not duly recorded." Plaintiff, in her Motion for Reconsideration, also claims that she began adverse possession in 1996, and that it accrued before the government claimed possession. In support, however, plaintiff merely repeats assertions she offered to the court before the August 19, 2013 opinion was issued.

Plaintiff in her September 3, 2013 Filing and her Motion for Reconsideration refers as well to cases already discussed in the court's August 19, 2013 opinion. Plaintiff also maintains that, under Wells Fargo Bank, N.A. v. Gordon, 292 Ga. 474 (2013), if one document accompanying a deed, such as an attorney's affidavit, was not signed, then the deed "was not duly recorded" and cannot provide constructive notice. Plaintiff continues to misunderstand the holding of the case. Wells Fargo holds that a signature can only attest to its own document; it does not say that a missing signature in a different document, such as in an attorney's affidavit, would affect a properly attested security deed. See id. at 476.[1] Defendant in its filings before the August 19, 2013

[1] In furtherance of her argument, Plaintiff submitted a Supplement to her Motion for Reconsideration, Exhibit A, which the court received October 10, 2013 (Supplement). This Supplement, like plaintiff's September 3, 2013 Filing, was not filed with proper service to defendant. Plaintiff includes with the Supplement an unrelated attorney's affidavit by Comer Padrick, the closing attorney from the McKinney's mortgage. She



VASKO 2014-5014 "A"

opinion was issued, noted that under Wells Fargo, plaintiff also may have been on inquiry notice of the 1992 mortgage.

Plaintiff also asserts in her September 3, 2013 Filing that, for the 1993 deed, "[n]o affidavit of explanation has been attached to the mortgage," referring to Code of Georgia Annotated section 44-2-18 (1993). Therefore, plaintiff asserts that it does not provide constructive notice. The affidavit of explanation described in the Code of Georgia Annotated section 44-2-18, however, is only an option that the recording party "may" use. Plaintiff provides no reason why simply rerecording the deed and attorney's affidavit would be invalid. Taking the Motion for Reconsideration and the Supplement together, plaintiff appears to be arguing that the signature on the attorney's affidavit "may be a forgery as well." This evidence and argument easily could have been, and should have been, brought to the court before judgment. RCFC 60(b) does not serve as a vehicle to relitigate a case. See Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d at 1383. The court repeats that even an invalid attorney's affidavit still does not prevent the deed itself, as filed in 1992, or as re-filed 1993, from providing constructive notice to plaintiff. See Vasko v. United States, 112 Fed. Cl. at 220–21. Plaintiff's conclusion in her Motion for Reconsideration, that the attorney's affidavit signature on the 1993 deed "is beyond any remnants of legality," does not present any basis for a relief from judgment.

Plaintiff's second contention is that her presence on the property was hostile. Plaintiff states in her Motion for Reconsideration that the "record title holders, the McKinneys, in no way ever gave Plaintiff and her family permission to reside on the land." Additionally, plaintiff asserts, "in Plaintiff's Bankruptcy petition the Bankruptcy Court found Plaintiff/Debtor to have no attachable interest in the Property, which would appear to say that Plaintiff had never purchased the Property, which would appear to say that Plaintiff was squatting on the Property, pursuant to adverse possession."[2]

---

does so in order to highlight discrepancies between this unrelated affidavit and the filed and re-filed closing attorney's affidavit for the mortgage deed between the McKinneys and American National Financial, Inc., in 1992 and 1993. She argues that the attorney's affidavit attached in her Supplement "follows Georgia legal protocol. Comparatively, the slip shod filing and re-filing of the McNeil/McKinney Attorney's Affidavit is incongruous with the obvious knowledge of this experienced expert, throwing a pall on the McNeil/McKinny [sic] affidavit of this case." (internal citation omitted). This argument, however, fails to alter the court's determination that the 1992 deed itself provided constructive notice to plaintiff, and that, regardless, the attorney's affidavit was in compliance with Georgia law after the 1993 re-filing. See Vasko v. United States, 112 Fed. Cl. at 220–21.

[2] Plaintiff directs the court to "In re: Carol Ann Vasko aka Carol Ann Simpson, 04-91994 U.S. Bankruptcy Court Northern District of Georgia, Atlanta Division." During plaintiff's bankruptcy petition and proceeding, she initiated an adversarial proceeding against the Bank of Oklahoma Mortgage Company, Mr. McKinney, Mr. Brown, and the Ford Motor Credit Company. See Adversarial Proceeding No. 04-09178, U.S. Bankr. Ct. (N.D. Ga. Oct. 4, 2004). This proceeding was dismissed at plaintiff's request on June 30, 2005. It



VASKO 2014-5014 "A"

Plaintiff in her September 3, 2013 Filing also repeats that she considered herself the true owner when she purchased it from William A. Brown, Jr., that Mr. Brown's permissiveness had no impact on hostility, and that when she found out that she was not the owner she "was quite vocal in her displeasure." Plaintiff contended in her July 8, 2013 Motion to Strike that she believed she was the purchaser of the land, and that permission from Mr. Brown "is a nullity." She also stated that after finding out about her situation she reached out to the Federal Bureau of Investigation, county tax collector, and other parties to voice her displeasure and concerns. Despite having raised this issue before the court's August 19, 2013 opinion was issued, since prescription did not run on the property as the prior deeds provided notice to plaintiff, the court does not need to reach the question of hostility of possession. All her allegedly new facts or arguments, however, were presented to the court by plaintiff prior to issuance of the court's August 19, 2013 opinion, and were considered by the court.

Plaintiff's third contention is that there was "fraud" in the original transaction between the McKinneys and American National Financial, Inc., separate from the forgery argument raised above, and that this fraud invalidated the prior recorded mortgages. Plaintiff, however, also raised this argument previously, stating that: "Plaintiff put Defendant on notice [of] the breaches of VA rules [sic], that McKinney never lived nor intended to live at the property; that the property was purchased for McKinney's daughter, Debra McKinney Carter." The court considered, rejected, and addressed, plaintiff's unsupported allegation of fraud in its August 19, 2013 opinion. Plaintiff in her September 3, 2013 Filing presents no new facts. She merely refers to her "prior pleadings," and claims that the VA and Bank of Oklahoma "did nothing" about "the loan in limbo with all kinds of irregularities and illegalities afloat." Furthermore, she states that: "[t]here are so many irregularities there is question if any part of this real estate transfer can be accepted as legal." Plaintiff's Motion for Reconsideration is more specific, but still merely parrots her prior pleading. Moreover, as plaintiff concedes, "Plaintiff has stated repeatedly that McKinney's mortgage was acquired through fraud. McKinneys never intended [sic] to reside on the Property and purchased it for their daughter, in violation of VA rules." No new facts have been presented by plaintiff that create any plausible reason to believe that fraud occurred as the plaintiff describes.

Separate from plaintiff's takings arguments discussed above, in her Motion for Reconsideration plaintiff once again alleges she had an oral contract with the defendant and disputes the court's holding, albeit, without presenting any new facts or arguments. First, she asserts that although the VA's contract attorney in the eviction was not a paid U.S. government employee, "he was entrusted with duties to arrange for the disposition of the Property." As made clear the court's August 19, 2013 opinion, plaintiff bore the risk of ensuring that she was contracting with someone who had authority to bind the government. See Vasko v. United States, 112 Fed. Cl. at 216–17. As noted in the court's August 19, 2013 opinion, the Federal Circuit has held that even "apparent authority of the government's agent . . . is not sufficient; an agent must have actual authority to bind the government." Winter v. Cath–dr/Balti Joint Venture, 497 F.3d 1339,

---

does not appear, however, that the bankruptcy court came to the conclusion plaintiff alleges.



VASKO 2014-5014 "A"

1344 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007). As explained in the court's August 19, 2013 opinion, at no point has plaintiff "demonstrated that she even spoke with, much less entered into an agreement with, any individual authorized to contract on behalf of the government." Vasko v. United States, 112 Fed. Cl. at 217.

## CONCLUSION

No mistake, inadvertence, or excusable neglect, no newly discovered evidence that could not reasonably have been discovered before a new trial, and no fraud by the defendant, or any other justifiable reason has been presented that warrants relief under RCFC 60(b). Plaintiff's Motion for Reconsideration of the court's August 19, 2013 decision, dismissing plaintiff's case, is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**



VASKO 2014-5014 "A"

Carol Ann Vasko
1019Franklin Road, #24K
Marietta, Georgia 30067
770.948.9333
vaskov1248@gmail.com

December 15, 2013

Clerk of Court
United States Court of Appeals of the Federal Circuit
717 Madison Place, NW
Washington, DC 20005

RE: NO. 2014-5014 Vasko v. United States

Clerk of Court:

Enclosed find the following:

1. An original and three copies of the Appellant's Amendment to Notice of Appeal and Unopposed Motion for Extension of Time;

2. An original and three copies of the CERTIFICATE OF SERVICE; and

3. A stamped self address envelope for which to return to me a stamped filed copy of the top page of each pleading which I have also enclosed.

Sincerely,

Carol Ann Vasko

RECEIVED
DEC 18 2013
United States Court of Appeals
For The Federal Circuit

cc: Attorney Preheim

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**VASKO v. UNITED STATES**
**NO. 2014-5014**

## CERTIFICATE OF SERVICE
## APPELLANT'S AMENDMENT TO NOTICE OF APPEAL and UNOPPOSED MOTION FOR EXTENSION OF TIME

I certify that on this date I served the foregoing pleading via US Mail to the following:

L. Misha Preheim
Trial Attorney
Civil Division
Commercial Litigation Branch
United States Department of Justice
PO Box 480
Ben Franklin Station
Washington, DC 20044

RECEIVED
DEC 18 2013
United States Court of Appeals
For The Federal Circuit

December 16, 2013

Carol Ann Vasko Pro Se

Carol Ann Vasko
1019 Franklin Road SE #24K
Marietta, Georgia 30067
770.948.9333
vaskov1248@gmail.com